No. A–355 (78–649). CITY OF BOSTON ET AL. v. ANDERSON ET AL. Sup. Jud. Ct. Mass. Motion to vacate stay order heretofore entered by MR. JUSTICE BRENNAN on October 20, 1978, denied.

MR. JUSTICE STEVENS, with whom MR. JUSTICE STEWART and MR. JUSTICE REHNQUIST join, dissenting.

Because the Court in practical effect has summarily reversed the unanimous holding of the Supreme Judicial Court of Massachusetts on a question of Massachusetts law, it is appropriate to note my dissent. The highest court of the State held that a Massachusetts "municipality has no authority to appropriate funds for the purpose of taking action to influence the result of a referendum proposed to be submitted to the people at a State election." [1]

Unless state action has violated some federal law, a federal court has no power to compel a State to spend its money or to grant a political subdivision of the State authority which the State has withheld.[2] Federal questions may, of course, arise

[1] —— Mass. ——, ——, 380 N. E. 2d 628, 632 (1978).

[2] "Municipal corporations are political subdivisions of the State, created as convenient agencies for exercising such of the governmental powers of the State as may be entrusted to them. For the purpose of executing these powers properly and efficiently they usually are given the power to acquire, hold, and manage personal and real property. The number, nature and duration of the · powers conferred upon these corporations and the territory over which they shall be exercised rests in the absolute discretion of the State. Neither their charters, nor any law conferring governmental powers, or vesting in them property to be used for governmental purposes, or authorizing them to hold or manage such property, or exempting them from taxation upon it, constitutes a contract with the State within the meaning of the Federal Constitution. The State, therefore, at its pleasure may modify or withdraw all such powers, may take without compensation such property, hold it itself, or vest it in other agencies, expand or contract the territorial area, unite the whole or a part of it with another municipality, repeal the charter and destroy the corporation. All this may be done, conditionally or unconditionally, with or without the consent of the citizens, or even against their· protest. In all these respects the State

when a State regulates the communicative activities of third parties, whether they be individuals or private corporations. Such questions may also arise if a State authorizes expenditures to advance or explain a particular point of view. But in this case we are merely confronted with "a State's determination to refrain from speech on a given topic or topics and to bar its various subdivisions from expending funds in contravention of that determination."[3] I consider it frivolous to suggest that the First Amendment, or any other provision of the United States Constitution, empowers this Court to interfere with that determination. I would therefore grant the motion to vacate the stay entered by MR. JUSTICE BRENNAN as Circuit Justice on October 20, 1978.

---

is supreme, and its legislative body, conforming its action to the state constitution, may do as it will, unrestrained by any provision of the Constitution of the United States. Although the inhabitants and property owners may by such changes suffer inconvenience, and their property may be lessened in value by the burden of increased taxation, or for any other reason, they have no right by contract or otherwise in the unaltered or continued existence of the corporation or its powers, and there is nothing in the Federal Constitution which protects them from these injurious consequences. The power is in the State and those who legislate for the State are alone responsible for any unjust or oppressive exercise of it." *Hunter* v. *Pittsburgh*, 207 U. S. 161, 178–179.

